STRINGER, Judge.
Appellant, Richard B. Liebert, challenges the trial court’s order denying his motion to vacate an order enforcing a foreign child support judgment. We reverse because the State of Florida Department of Revenue (DOR) failed to prove that an application had been made for its child support enforcement services, i.e., that it had standing to seek enforcement of child support arrearages on behalf of Raye R. Liebert, appellant’s former wife.
Appellant is a resident of Pinellas County, Florida, and his former wife is a resident of the State of New Hampshire. DOR seeks to enforce a child support order entered by a Connecticut court and alleges that appellant is $4,438 in arrears. The children for whom the support is owed have been emancipated, and there is no obligation for ongoing support. Raye Lie-bert is not a recipient of public assistance. DOR’s petition seeking enforcement of the Connecticut order alleges that Raye Lie-bert is an eligible Title IV-D[1] client. However, the only attachments to the petition are the Connecticut support order and a notarized form from the State of New Hampshire entitled “Payee’s Statement of Arrearages” signed by Raye Liebert attesting to the amount of the arrearage. The “Payee’s Statement of Arrearages” was not received in evidence.
Appellant filed a motion to dismiss alleging that DOR lacked standing to bring the action because its petition failed to allege that either Raye Liebert or the State of New Hampshire had applied for DOR services. This motion was denied. Appellant then sought discovery of any documents showing that either Raye Liebert or the State of New Hampshire had applied for DOR services. The child support hearing officer denied the discovery request, citing sections 409.2567 and 409.2564(1), Florida Statutes (1997), and finding it irrelevant whether or not an application had been filed with DOR for services. Section 409.2567 provides:
All child support services provided by the department shall be made available on behalf of all dependent children. Services shall be provided upon acceptance of public assistance or upon proper application filed with the department. ...
Section 409.2564(1) provides:
In each case in which regular support payments are not being made as provided herein, the department shall institute ... action as is necessary to secure the obligor’s payment of current support and any arrearage which may have accrued under an existing order of support.
It is error to hold that DOR has standing to bring an enforcement action where, as here, the obligee has not accepted public assistance; the children are emancipated; and the record is devoid of any competent evidence that the obligee filed an application seeking DOR’s enforcement services or that another state has requested that DOR enforce a foreign support judgment. To so hold would vest DOR with unbridled authority to seek child support enforcement against any ob- *346 ligor regardless of whether or not the obli-gee or another state has sought such enforcement.[2] Thus, the trial court erred in denying appellant’s discovery request and motion to dismiss.
The petition filed by DOR seeking to enforce the foreign child support judgment should have asserted the statutory basis of DOR’s standing. Additionally, appellant should have been allowed the opportunity to challenge DOR’s standing to represent the obligee. DOR argues that section 409.2579, Florida Statutes (1997), bars it from disclosing any information, including an application by an individual or by another state for DOR child enforcement services. Section 409.2579(l)(b), Florida Statutes (1997), provides:
Information concerning applications for or recipients of Title IV-D child support services is confidential and exempt from the provisions of s. 119.07(1). The use and disclosure of such information by the IV-D program is limited to purposes directly connected with:
(b) Any investigation, prosecution, or criminal or civil proceeding connected with the administration of any such plan or program....
Thus, contrary to DOR’s position, it would appear that the statute expressly provides for disclosure of the type of information sought by appellant, i.e., evidence that the obligee or another state has made a proper request for DOR’s services. The court may inspect the records, in camera, to ensure that disclosure is made only to the extent necessary to verify DOR’s standing.
We, therefore, reverse the trial court’s order denying the motion to vacate. We vacate the order enforcing the foreign child support judgment and remand with directions for the trial court to dismiss the action without prejudice to DOR to amend its petition.
Reversed.
CAMPBELL, A.C.J., and WHATLEY, J., Concur.

. 42 U.S.C.A. § 654 (1997).

. The Florida Administrative Code, Chapter 12E-1.004, makes a distinction between recipients of public assistance and non-recipients of public assistance as it pertains to the requirement of filing an application. It provides that DOR shall initiate necessary child support enforcement for recipients of public assistance without the necessity of an application. However, for non-recipients of public assistance an application is required. See Fla. Admin. Code r. 12E-1.004(2)(c)(l) (1997). In the case of a foreign child support order, section 88.3071, Florida Statutes (1997), provides that DOR shall provide services for support enforcement upon request from a petitioner, either an initiating state or custodial parent. Thus, in both cases DOR's standing to seek enforcement of a support order for a non-recipient custodial parent stems from a request for services either by an application from the custodial parent or a request from an initiating state.